A jury convicted the defendant, Armando Lopez, of possessing a firearm in his home without a firearm identification (FID) card and possessing ammunition in his home without an FID card.[2] See G. L. c. 269, § 10(h ). In this consolidated appeal, the defendant contends the Commonwealth failed to establish that he did not possess a valid FID card and, further, that the posttrial motion judge (who was also the trial judge) erred in denying his motion for a new trial based on his claim that trial counsel was ineffective for failing to move to suppress the firearm and ammunition evidence on the grounds that the police violated the knock and announce rule. We affirm.
Discussion. 1. Sufficiency. The defendant asserts the Commonwealth's proof was insufficient because it failed to introduce any evidence that he did not possess a valid FID card.
This challenge is controlled in all material respects by the Supreme Judicial Court's decision in Commonwealth v. Jones, 372 Mass. 403, 406 (1977), which held that the "[a]bsence of a license is not 'an element of the crime,' as that phrase is commonly used," of possession of a firearm or ammunition without an FID card. See Commonwealth v. Powell, 459 Mass. 572, 582 (2011), cert. denied, 565 U.S. 1262 (2012), citing Jones, supra. Accordingly, "the Commonwealth does not need to present evidence to show that the defendant did not have a license or FID card because the burden is on the defendant, under G. L. c. 278, § 7, ... to come forward with such evidence." Ibid. We discern no error.
2. Ineffective assistance of counsel. We also are not persuaded by the defendant's contention that his trial counsel's failure to move to suppress the firearm and ammunition on the ground that the police violated the knock and announce rule when searching his home rose to ineffective assistance of counsel.
To prevail on an ineffective assistance of counsel claim, the defendant must show that "an attorney's performance fell measurably below that which might be expected from an ordinary fallible lawyer and ... [that] such ineffectiveness has likely deprived the defendant of an otherwise available substantial defense." Commonwealth v. Seino, 479 Mass. 463, 472 n.12 (2018), citing Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). When a defendant bases his ineffective assistance claim on the failure to file an evidentiary motion, the proper question is whether filing the motion "might have accomplished something material for the defense." Commonwealth v. Lally, 473 Mass. 693, 703 n.10 (2016), quoting from Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). Failure to pursue a futile motion is not ineffective assistance of counsel. See Commonwealth v. Vieux, 41 Mass. App. Ct. 526, 527 (1996), cert. denied, 520 U.S. 1245 (1997). Since the defendant brought his ineffective assistance of counsel claim in a motion for a new trial, we review the judge's decision for a significant error of law or for an abuse of discretion. See Commonwealth v. Brescia, 471 Mass. 381, 392 (2015).
Here, trial counsel had no reason to believe that suppression of the firearm and ammunition on the basis of a violation of the knock and announce requirement would have had any chance of success. Even after extensive postconviction discovery, the only evidence that points to a violation of the knock and announce rule is the defendant's own self-serving affidavit, which the motion judge was free to reject. See Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48-49 (1997) (judge free to disregard self-serving affidavits). All other evidence suggests that the "SWAT" team executing the search warrant complied with the knock and announce requirement. The officers swore out affidavits explaining that an unannounced entry could cause a drug or contraband dealer to suspect attack or theft by a rival dealer and would place them in greater danger of attack. For that reason, the officers explained their additional preference for adhering to a knock and announce protocol. They had no reason to believe they departed from that command and safety protocol here.[3] Accordingly, counsel was not ineffective for failing to file a futile motion, and we discern no abuse of discretion.
Judgments affirmed.
Order denying motion for new trial affirmed.

The jury acquitted the defendant of possessing another firearm without a license, possessing that firearm without an FID card, and accessory to a felony after the fact.

Contrary to the defendant's assertion, the witnesses' trial testimony does not contradict these claims. The knock and announce command was not at issue at trial, and no one specifically asked the police witness whether the police knocked and announced before entering the premises.